**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CML-AZ GM, LLC, a Florida limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Greenfield & Main, LLC, a Nevada limited liability company; Greenstreet Properties, LLC, a Nevada limited liability company; Keith K. Lyon, an individual; Stacy Rush and Adrienne Rush, husband and wife; Stanley Wasserkrug and Susan Wasserkrug, husband and wife,<br><br>　　　　　Defendants. | No. CV-10-2805-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Count Three of Plaintiff's Complaint (Doc. 10) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the Court grants Defendants' motion.

## BACKGROUND

This case arises from a construction loan made to Defendant Greenfield & Main ("Greenfield") in July 2007. (Doc. 1, Ex. 1). Plaintiff alleges the other Defendants are guarantors. (*Id.*). Plaintiff alleges that it is the assignee of the Note, the Deed of Trust, and the leases and rents due upon the property. (*Id.*). Plaintiff further alleges that Greenfield defaulted on the loan by failing to repay in full by February 8, 2009, and therefore, Plaintiff

1   asserts its rights pertaining to the loan.  (*Id.*).

2   Defendants removed to this Court on the basis of diversity of citizenship.  (Doc. 1).
3   On January 10, 2011, Defendants filed a Motion to Dismiss Count Three of Plaintiff's
4   Complaint, arguing that Plaintiff's request for appointment of a receiver fails to meet the
5   federal standard.  (Doc. 10).  Plaintiff has not filed a response to Defendants' motion.

## DISCUSSION

7   The Local Rules provide the framework within which parties to a suit must operate
8   when filing and responding to motions before the Court.  Local Rule 7.2(c) states that "[t]he
9   opposing party shall . . . have fourteen (14) days after service . . . within which to serve and
10  file a responsive memorandum."  Local Rule 7.2(i) provides that an opposing party's failure
11  to respond to a motion "may be deemed a consent to the denial or granting of the motion, and
12  the court may dispose of the motion summarily."  LOCAL R. CIV. P. 7.2(i); *see also Ghazali*
13  *v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (holding that a district court did not err in
14  summarily granting a motion to dismiss pursuant to a local rule where plaintiff had time to
15  respond but failed to do so); *United States v. $22,474 in U.S. Currency,* 55 F. Supp. 2d 1007,
16  1011 (D. Ariz. 1999) (citing former Rule 1.10(i) and stating that failure to comply with Local
17  Rules "would be grounds upon which to summarily grant the Government's motion to
18  dismiss").  Because Plaintiff has not responded to Defendants' Motion, the Court deems
19  Plaintiff's lack of response a consent to the granting of Defendants' Motion.  The Court thus
20  grants Defendants' Motion to Dismiss on this basis.

21  In addition, based upon the allegations of the Complaint, Defendants' Motion to
22  Dismiss has merit.  When bringing a complaint, Plaintiff must plead sufficient facts "to state
23  a claim for relief that is plausible on its face."  *Bell Atlantic v. Twombly,* 550 U.S. 544, 570
24  (2007) (holding that mere "labels and conclusions" or a "formulaic recitation of the
25  elements" of a claim is insufficient).  Count three of Plaintiff's Complaint fails in this
26  respect.

27  The crux of Plaintiff's request for appointment of a receiver is that Greenfield has no
28  incentive or financial ability to protect the property, and that leaving the property in

1 Greenfield's possession would expose it to some unspecified jeopardy. Count three of the
2 Complaint merely asserts Plaintiff's interest in the property, and notes that the property
3 requires "proper attention and supervision" to preserve its value. (Doc. 1, Ex. 1). Plaintiff
4 argues further, that a receiver could protect and preserve the property. (*Id.*).

5 Plaintiff's bare assertion that Greenfield has no incentive or ability to protect
6 Plaintiff's interests, does not meet the federal standard for receivership. The simple fact that
7 a receiver *may* be able to preserve and protect Plaintiff's interest in the property from some
8 assumed harm, does not entitle Plaintiff to the appointment of such. Appointment of a
9 receiver may be a serious imposition on a defendant's property rights, and as such, it is
10 "considered to be an extraordinary remedy that should be employed with the utmost caution
11 and granted only in cases of clear necessity to protect plaintiff's interests in the property."
12 *Solis v. Matheson,* 563 F.3d 425, 437 (9th Cir. 2009). Federal courts consider a number of
13 factors in determining whether receivership is appropriate, including: "whether the defendant
14 engaged in fraudulent conduct, whether an imminent danger of loss of property exists, the
15 inadequacy of available legal remedies, and harm to the plaintiff if the request for a
16 receivership is denied." *Id.* at 438.

17 Plaintiff fails to plead facts that would allow the Court to draw the reasonable
18 inference that the appointment of a receiver is appropriate in this case. Plaintiff offers only
19 the conclusory statement that Greenfield has no incentive or ability to protect the property,
20 without providing any facts to support those allegations. The Court has no basis upon which
21 to infer that an imminent danger of loss of property exists, or that Plaintiff will experience
22 any substantive harm if receivership is denied. In order to justify the extraordinary remedy
23 of receivership, Plaintiff must demonstrate to the Court the necessity of the remedy. This
24 Plaintiff has not done.

25 / / /
26 / / /
27
28

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Count Three of Plaintiff's Complaint is **GRANTED**.

DATED this 3rd day of March, 2011.

*G. Murray Snow*
G. Murray Snow
United States District Judge